**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, et als
*Plaintiffs*

vs. C.A. No. 04 CV-013 ML

Jay Lindgren, et als
*Defendants.*

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**
[ORAL HEARING REQUESTED]

Now come all Plaintiffs, by their Attorney, and move for entry of an order striking the Defendants' Statement of Undisputed Facts, which Statement was filed by the Defendants in support of their Motion for Summary Judgment as provided by L.R. 56 because a substantial portion of the documents appended to said Statement and relied upon in such statement do not comply with the requirements of F.R. Civ. P. 56(e).

The basis for this motion is set forth more fully in an accompanying memorandum.

PLAINTIFFS
By their Attorney:

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918

Date: March 30, 2006

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. Cv. 7(e) Plaintiffs request oral argument on this motion. Such a hearing is appropriate because of the nature of the issues presented and the manner in which this issue relates to the Defendants' dispositive Summary Judgment Motion.

Counsel for Plaintiffs anticipates that such a hearing would require approximately twenty minutes.

## CERTIFICATION

I hereby certify that the within document was served upon all parties hereto by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Attorney Richard B. Woolley
Civil Division
Department of Attorney General
150 S. Main St.
Providence, RI 02903

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
401-490-8083

Date: March 30, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, et als
*Plaintiffs*

vs. C.A. No. 04 CV-013 ML

Jay Lindgren, et als
*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Plaintiffs seek an Order striking the Defendants' Statement of Unidsputed Facts. The Plaintiffs submit that a substantial portion of the Exhibits attached to the Defendants' Statement of Undisputed Facts are unauthenticated documents that cannot be considered by this Court on a Motion for Summary Judgment pursuant to Rule 56. A review of the Exhibits reveals that they consist of the following:

Exhibit A. This Exhibit is consists of a two-page "Report of Examination." It is not authenticated or executed under oath.

Exhibit B. This Exhibit consists of an unsigned, unauthenticated, and unverified narrative of "observations" purportedly prepared by an investigative worker.

Exhibit C. This Exhibit consists of a Family Court petition allegedly filed on or about September 24, 1999. Although portions of the documents within this Exhibit are signed under oath, other portions are unsigned and unauthenticated.

Exhibit E. This Exhibit is an unauthenticated "Order of Temporary Custody" that is neither under oath nor authenticated.

Exhibit F. This Exhibit consists of twenty-nine pages of "Observations" and related investigative materials. Although a brief portion of these materials indicate a

"certification" that the worker undertook "activities" set forth in this portion of the report, the Exhibit is neither under oath nor authenticated in any way.

Exhibit G. This Exhibit consists of a Family Court Petition purportedly field on or about January 20, 2001. The Petition is unsigned. Although the Exhibit includes a document that is entitled "Affidavit," the document is not signed or notarized.

Exhibit H. This Exhibit consists of a series of Family Court filings, some of which do indeed bear an indication that they have been certified by the Family Court Clerk as true copies of filings in that Court. None of the documents are under oath or meet the requirements of an affidavit. Ironically, two of the documents actually contain final findings or adjudications by the Family Court to the effect that "there do not [emphasis in original] exist facts and circumstances, based upon as accurate and reliable information as possible, that would justify a reasonable person to suspect that a child is abused or neglected." (Decision of Magistrate DiMuro, June 7, 2001) These documents also contain a report of the Family Court Guardian Ad Litem to the effect that when DCYF employees took Cassidy from the home "the child was healthy at the time he took the child into custody and that there was no evidence (emphasis added) of neglect or abuse at that time." Report of Guardian ad Litem. Although these documents do not satisfy the requirements of Rule 56(e), they actually demonstrate the existence of a genuine issue of fact for trial.

Rule 56(e). Unsigned and uncertified documents do not constitute proper support for a motion for summary judgment. The United States Court of Appeals for the First Circuit so held in Carmona v. Toleda, 213 F.3d 124 (1st Cir. 2000):

> [The] failure to authenticate precludes consideration of their supporting documents. Documents supporting or opposing summary judgment must be properly authenticated. See Fed. R. Civ. P. 56(e). "To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).' Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2722 at 382 (3d ed. 1998); see also Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980) (records attached to affidavit but not certified as required by Fed. R. Civ. P. 56(e) notg properly considered by district court); Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1551 (9th Cir. 1989). Rule 56(e) requires that the affidavit be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matter stated therein. Moreover, "sworn or certified copies of all papers" referred to in the affidavits must be attached. See id.

Carmona v. Toledo, 215 F.3d at 131. In Carmona the police defendants sought summary judgment and "simply appended a purported copy of their investigation file," to their summary judgment motion. The First Circuit noted further that, when a party seeking summary judgment fails to produce adequate materials to demonstrate the absence of a genuine issue of material fact, the non-moving party does not have an obligation to offer any evidence in response to the inadequate summary judgment motion. Id. at 133.

Defendants' submission fails to satisfy the requirements of Rule 56(e). Because the vast majority of the Defendants' exhibits are unsworn and unauthenticated, their statement of undisputed facts is fatally defective[1]. It does not comply with the rudimentary requirements of Rule 56(e) and must, therefore, be stricken. Alternatively, should the Court be inclined to permit the Defendants to file a new Statement containing

---

[1] It is worth noting that within the Defendants' exhibits are documents that demonstrate the presence of genuine factual issues. Indeed, as noted supra, Defendants have produced several documents – albeit unsworn and unauthenticated – that demonstrate the presence of genuine issues of fact.

only properly authenticated and sworn documents, then Plaintiffs should be given a reasonable opportunity to respond thereto.

For the foregoing reasons, the within Motion to Strike should be granted, or suitable alternative relief should be afforded to the Plaintiffs, as prayed herein.

PLAINTIFFS
By their Attorney:

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918

Date: March 30, 2006

**CERTIFICATION**

I hereby certify that the within document was served upon all parties hereto by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Attorney Richard B. Woolley
Civil Division
Department of Attorney General
150 S. Main St.
Providence, RI 02903

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
401-490-8083

Date: March 30, 2006