**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, et als
*Plaintiffs*

vs. C.A. No. 04 CV-013 ML

Jay Lindgren, et als
*Defendants*.

**PLAINTIFFS' OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

Now come the Plaintiffs and object to the Defendants' Motion for Summary Judgment. Plaintiffs say that there are genuine issues of material fact for trial and that the Defendants' Motion must therefore be denied.

The basis for this Objection is set forth in an accompanying memorandum, as required by L.R. Cv. 7 and 56.

PLAINTIFFS
By their Attorney:

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918

Date: March 30, 2006

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. Cv. 7(e) Plaintiffs request oral argument on this motion. Such a hearing is appropriate because of the dispositive nature of the Defendants' Summary Judgment Motion.

Counsel for Plaintiffs anticipates that such a hearing would require approximately forty minutes.

## CERTIFICATION

I hereby certify that the within document was served upon all parties hereto by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Attorney Richard B. Woolley
Civil Division
Department of Attorney General
150 S. Main St.
Providence, RI 02903

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
401-490-8083

Date: March 30, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, et als
*Plaintiffs*

vs. C.A. No. 04 CV-013 ML

Jay Lindgren, et als
*Defendants.*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs object to the Defendants' Motion for Summary Judgment. Plaintiffs submit that the Defendants' Motion is not properly supported by affidavits and authenticated documents as required by Fed. R. Civ. P. 56. This argument is the subject of a separate Motion to Strike the Defendants' Statement of Undisputed Facts. With regard to the legal issues set forth in the Defendants' Summary Judgment Motion, Plaintiffs respond to those issues in the same order that the Defendants address them in their memorandum.

Issues I and II – "Official Capacity". Plaintiffs acknowledge that Will v. Michigan, 491 U.S. 58 (1989), bars § 1983 actions against the State and the individuals in their official capacities.

Issue III – Statute of Limitations. Plaintiffs' Complaint was filed in this Court on January 15, 2004. It appears to be uncontroverted that Cassidy was born on January 17, 2001 and was taken into custody by the Defendants and/or their agents on or about January 23, 2001. Plaintiffs submit that Cassidy remained in DCYF custody into July of 2001. It likewise appears uncontroverted that Caleb was born on August 12, 1988, was taken by DCYF in September 1999 and remained in DCYF custody until at August of

2001. With regard to the claims of the parents in this matter, the deprivation of their rights were ongoing and continued at least until August of 2001, well within the limitations period. See Adams v. Town of Burillville, 249 F. Supp. 2d 151 (D.R.I. 2003) (Rhode Island has not yet fully recognized the "continuing violation" doctrine). With regard to the claims brought on behalf of Caleb and Cassidy, their minority tolls the running of any statute of limitations until three years after their eighteenth birthday(s), dates which are in the far future. R.I. Gen. L. § 9-1-18 (period of limitation does not commence until minor attains age of majority). Thus, even were this Court inclined to accept the statute of limitations defenses relative to the claims of Thomas and Joy Carter, the claims of Caleb and Cassidy were filed well within the limitation period. Defendants' statute of limitations claims must, accordingly, be rejected.

It should be noted further that, in addition to their damages claim, Plaintiffs seek injunctive relief barring the Defendants from further interfering with their rights. Such claims are, of course, considered under the doctrine of laches and are not subject to the defense of statue of limitations. It does not appear that the Defendants have asserted laches as a basis for summary judgment on the injunction claims.

Issues IV and V – Judicial and Prosecutorial Immunity. Plaintiffs claims relate not to any placement authorized by a court, but to the actions of DCYF officials in removing Caleb and Cassidy prior to judicial authorization. Thus, the cloak of judicial immunity avails them nothing. Cf Mally v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

Issue VI – Qualified Immunity. Defendants' assert qualified immunity under the doctrine articulated by the First Circuit in Hatch v. Department of Children, Youth and

Families, 274 F.3d 12 (1st Cir. 2001). In Hatch the First Circuit identified the analysis that must be applied in evaluating a claim of qualified immunity:

> We ask, first, whether the plaintiff has alleged the violation of a constitutional right. If so, we then ask whether the contours of the right were sufficiently established at the time of the alleged violation. Finally, we ask whether an objectively reasonable official would have believed that the action taken or omitted violated that right. Starlight Sugar, Inc. v. Soto, 253 F.3d 137, 141 (1st Cir.2001). We make these three inquiries in sequence, mindful that a single negative answer suffices to defeat the plaintiff's claim for damages. Id.

Hatch, supra, 274 F.3d at 20. In this case there can be no question that the Plaintiffs satisfy the first two prongs of the Hatch test. These precise issues were determined in Hatch, where the First Circuit specifically held that the right to familial integrity, subject to state intervention in certain limited circumstances.

> Given the widespread agreement that has developed as to the applicable legal regime, we conclude that, in the spring of 2000, an objectively reasonable case worker surely would have believed that taking temporary custody of a child prior to a hearing would violate the parents' interest in the child's care, custody, and control if he acted without a reasonable suspicion of child abuse (actual or imminent).

Hatch, supra at 24. Documents produced by the Defendants in this case demonstrate that the Plaintiffs meet this standard of proof with regard to the custody of Cassidy. In June 2001 – fully five months after Cassidy was taken, after hearing a Family Court Magistrate found as a matter of fact that "there do not exist facts and circumstances, based upon as accurate and reliable information as possible, that would justify a reasonable person to suspect that a child is abused or neglected" Decision of Magistrage DiMuro, at 2, appended as Exhibit H to Defendants' Statement of Undisputed Facts. The guardian ad litem report attached to this Decision demonstrates that DCYF workers when they took custody of Cassidy found no evidence to support the allegations of neglect set

forth in the DCYF petition. Report of Guardian Ad Litem at 3, appended as Exhibit H to Defendants' Statement of Undisputed Facts. Additional documents supplied by the Defendants demonstrate Cassidy was healthy and there was no evidence of abuse or neglect at the time she was taken. It is thus clear that the taking of Cassidy was completely unsupported by anything other than the fact that Caleb had been taken previously. At no time was the finding of the Magistrate challenged by DCYF or its employees, and the question whether there was any basis for the taking of Cassidy must therefore be regarded as res judicata.

In Hatch the First Circuit stated that qualified immunity is not available when "an objectively reasonable official would have believed that the action taken or omitted violated" the Plaintiffs' right to familial integrity. Hatch, supra, 274 F.3d at 20. Here there is, at least, a question of fact whether such circumstances existed at the time when Cassidy was taken by DCYF.

Issue VIII – Injunctive Relief. Contrary to the Defendants' assertion, the Plaintiffs do not seek to enjoin ongoing court proceedings. Thus the Defendants' statutory and Younger arguments lack merit. Rather, the Plaintiffs seek to enjoin further deprivation of the Plaintiffs' rights as guaranteed by the United States and Rhode Island Constitutions.

Issues IX and X – State Law Claims. Defendants acknowledge that the Rhode Island Supreme Court has never held that qualified immunity protects the Defendants against claims arising under Rhode Island law. (To the extent that such qualified immunity exists, Plaintiffs incorporate the arguments presented supra with regard to the application of qualified immunity to their federal claims.) Absent clear direction from

the Rhode Island Supreme Court, there can be no basis for extending those protections here. Moreover, Defendants acknowledge a lack of clear authority in Rhode Island on the issue of "official capacity" immunity. Both of these issues are ones upon which there is no controlling authority in Rhode Island; this Court may wish to consider certification of these questions to the Rhode Island Supreme Court pursuant to R.I. S. Ct. R. App. P. 6. The Defendants have not stated any compelling basis here for summary judgment on these claims.

Conclusion. For the foregoing reasons, and for such additional reasons as may appear at the oral argument on this matter, the Defendants' motion for summary judgment must be denied.

PLAINTIFFS
By their Attorney:

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918

Date: March 30, 2006

**CERTIFICATION**

I hereby certify that the within document was served upon all parties hereto by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Attorney Richard B. Woolley
Civil Division
Department of Attorney General
150 S. Main St.
Providence, RI 02903

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
401-490-8083

Date: March 30, 2006