**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, et als
*Plaintiffs*

vs. C.A. No. 04 CV-013 ML

Jay Lindgren, et als
*Defendants*.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REVISED AND RESUBMITTED STATEMENT OF UNDISPUTED FACTS**

Now come the Plaintiffs pursuant to L.R Cv. 56 and respond to the Defendants' Revised and Resubmitted Statement of Undisputed Facts as follows:

A. DISPUTED FACTS. The following facts are disputed:

1. Whether, at the time that DCYF took custody of C.O. in September 1999, there was any factual or legal basis for so doing.
2. Whether, as alleged by the Defendants, C.O. was residing with Thomas Carter at the time that DCYF took custody of C.O.
3. Whether, after DCYF made a specific determination in 1999 that allegations of sexual molestation against Thomas Carter were "unfounded," there was any justification for re-opening said determination and determining that said allegations were "founded."

B. RESPONSES TO SPECIFIC PARAGRAPHS OF DEFENDANTS' REVISED AND RESUBMITTED STATEMENT:

1. a. Dr. Lehrach's examination is not documented by any medical evidence other than the assertion – made to him by DCYF – that C.O. had been "nearly" dropped, and there is no evidence of said being confirmed by any physical

examination. See Exhibit A to Defendants' Revised and Resubmitted Statement, unnumbered page 5, Report of Examination.

2 a. The allegation of a "smashed vehicle" is false; CPI Dance claims to have seen photographs of the "smashed vehicle," but said photographs have never been produced.

b. The assertion that Thomas Carter had been charged with molestation of his biological "children" is false; the only such allegation was an unfounded allegation involving his son; Mr. Carter was ultimately acquitted of this charge.

c. Thomas Carter has never been convicted of sexual assault.

d. There was never a "fall" or "near fall" involving C.O.

e. Joy Carter was not drunk as alleged in this paragraph.

f. The assertion on page 4 that Adam accompanied in order to assure C.O.'s return is false. Adam was being taken for a visit.

g. Thomas Carter was never asked about his criminal record as alleged.

h. Thomas Carter has never received any notice that he had been indicated for neglect of C.O. The assertion that he was indicated is false.

3. a. See paragraph 1a above.

b. Contrary to the assertion in paragraph 7 on page 6, C.O. was asleep at the time of the alleged incident and was therefore not, in reality "present."

c. See paragraph 1b above.

d. See paragraph 2d above.

9. a. Thomas Carter was acquitted of all charges regarding the allegations of molestation by A.

b. The assertion on page 11 regarding Anthony's "temper outbursts" corresponds with the time when A's mother Michelle told him that Mr. Carter was not his biological father.

12. According to a Guardian Ad Litem Report appended hereto as part of Exhibit 3, CPI Ventura found no evidence of abuse or neglect at the time he took custody of C.C. (Ex. 3 hereto, appended report of GAL).

13. a. C.C. was born on January 17, not January 20 as alleged.

b. Allegations regarding molestation by Joy were false; Joy was referring to dreams not reality and the purported victim denied the allegations.

18. All of the actions of the Family Court were based upon recommendations made by DCYF personnel.

21. Thomas Carter has never been served with a "no contact" order involving C.O.; none has been appended to the Defendants' document.

22. Cheryl Csisar was present in court and consulting with Suzanne Dance and Marta Branstromskelding; Mr. Carter observed them speaking together during court proceedings.

**STATEMENT OF UNDISPUTED FACTS**

Now come the Plaintiffs, pursuant to L.R. 56, and state that the following facts are undisputed:

1. The ongoing custody by DCYF of C.O. and C.C., which extended into August and June of 2001, respectively, constituted ongoing deprivation of the right to family integrity such that any cause of action by the parents accrued no sooner than August 2001.

2. The minority status of C.O. and C.C. means that their causes of action do not accrue until the point in the future when each one reaches the age of majority under Rhode Island law.

3. At the time that DCYF took custody of C.C., there was any factual or legal basis for so doing. (See decision of Magistrate DiMuro, Exhibit 3 hereto).

EXHIBITS FILED SEPARATELY (**not** scanned pursuant to Judicial Conference Privacy Policy):

1. Plaintiffs' Original Statement of Disputed and Undisputed Facts (filed March 30, 2006);

2. Affidavit of Thomas Carter (filed April 23, 2006)

3. Decision of Family Court Magistrate DiMuro (with exhibit) appended to Defendants' original Statement of Undisputed Facts.

PLAINTIFFS
By their Attorney:

/s/ Thomas More Dickinson ____________________

Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: August 6, 2006

**CERTIFICATION**

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

A.A.G. Richard B. Woolley
Department of Attorney General

RWoolley@riag.state.ri.us

/s/ Thomas More Dickinson ___________________
Thomas More Dickinson (R.I. S. Ct. No. 2520)
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: August 7, 2006