**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

Thomas Carter, Joy Carter, Joy Carter
As parent and next friend of Caleb
O'Leary, and Thomas Carter and Joy
Carter as parents and next friends of
Cassidy Carter,
Plaintiffs

v. C.A. NO. 04 CV-013 ML

Jay Lindgren, in his capacity as Director,
State of Rhode Island Department of
Children, Youth & Families, State of Rhode
Island, and Candace Salvo, Edward O'Donnell,
Martha Branstrom Skelding, Cheryl Csisar,
And Maureen Eagen, in their capacities as
Officers, agents or employees of the State of
Rhode Island Department of Children Youth
& Families,
Defendants

**MOTION TO STRIKE AFFIDAVIT OF THOMAS CARTER**

Now come Defendants and hereby move this Court to Strike the Affidavit of Thomas Carter dated April 22, 2006 on the grounds that said Affidavit is, in significant part, not based upon affiant's personal knowledge, contains hearsay statements, purports to examine Defendants' thoughts as well as their actions contains impermissible speculation and conclusory language and otherwise fails to comply with FRCP 56(e) as more fully described in the Memorandum of Law submitted herewith.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

______________________________
Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

Thomas More Dickinson

tmd@appealRI.com

*/s/ Richard B. Woolley*
Richard B. Woolley #1452
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel. 401-274-4400
Fax 401-222-2995
Email: rwoolley@riag.ri.gov

Date: August 18, 2006

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

Thomas Carter, Joy Carter, Joy Carter
As parent and next friend of Caleb
O'Leary, and Thomas Carter and Joy
Carter as parents and next friends of
Cassidy Carter,
Plaintiffs

vi. C.A. NO. 04 CV-013 ML

Jay Lindgren, in his capacity as Director,
State of Rhode Island Department of
Children, Youth & Families, State of Rhode
Island, and Candace Salvo, Edward O'Donnell,
Martha Branstrom Skelding, Cheryl Csisar,
And Maureen Eagen, in their capacities as
Officers, agents or employees of the State of
Rhode Island Department of Children Youth
& Families,
Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE AFFIDAVIT OF THOMAS CARTER**

Defendant moves to strike the affidavit of Thomas Carter because the affidavit contains hearsay, legal opinions or conclusions, statements not made on personal knowledge or statements that are conclusory or irrelevant. FRCP 56(e) states that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

"The requirements of Rule 56(e) are mandatory." Madsen v. Erwin, 395 Mass. 715, 719 (1985). Any statements made upon information and belief as opposed to

personal knowledge, are not entitled to weight in summary judgment. See Griggs-Ryan v. Smith, 904 F.2d 112, 117 & 118 (1st Cir. 1990). "To the extent that affidavits submitted in opposition to a motion for summary judgment merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge, they are insufficient." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (citing Roslindale Coop. Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir. 1981)). Statements that purport to be based on personal knowledge, yet are clearly lacking in specificity, and are conclusory rather than factual do not satisfy the requirements of Rule 56(e). Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001). "Gauzy generalities are not eligible for inclusion in the summary judgment analysis." Id. At 317.

Per the requirements of Rule 56(e), Defendants submit that the statements contained in paragraphs 3, 5 (Edward O'Donnell), and 5 (Cheryl Csisar) of the Thomas Carter affidavit are not based on personal knowledge.

It is well settled that opinions should be prohibited from affidavits submitted in support or opposition to summary judgment. Maldonado v. Ramirez, 757 F.2d 48, 51 (3rd Cir. 1985). Along similar lines, "statements which purport to examine thoughts as well as actions," are inappropriate for an affidavit in opposition to summary judgment. Maiorana v. MacDonald, 596 F.2d j1072, 1080 (1st Cir. 1979). In accordance, "statements [in an affidavit] prefaced by the phrases 'I believe' or 'upon information and belief' or those made upon an 'understanding' …are properly subject to a motion to strike." Tavery v. U.S., 32 F.3d 1423, 1427 (10th Cir. 1994) (citing Carey v. Beans, F.Supp. 580, 583 (E.D.Pa. 1980)).

Per the requirements of Rule 56(e) Defendants submit that statements contained in paragraphs 2, 4, 5, 5 (Marta Branstromskelding), 5 (Edward O'Donnell), and 5 (Cheryl Csisar) of the Carter Thomas affidavit, are mere conclusions and speculations that cannot be properly considered in an affidavit in opposition to a summary judgment.

The Federal Rules of Evidence also prevent affidavits from containing hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evidence 801(c).

Per the Federal Rules of Evidence, Defendants submit that statements contained in paragraphs 5 (Marta Branstromskelding), 5 (The removal of Cassidy), 5 (Cheryl Csisar), and 5 (Intrusive examination of children) of the Carter Thomas Affidavit are inadmissible hearsay.

For the foregoing reasons the affidavit of Thomas Carter should be stricken in its entirety and disregarded as a self-serving and inadmissible series of opinions, conclusions, and hearsay statements.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

Thomas More Dickinson

tmd@appealRI.com

*/s/ Richard B. Woolley*
Richard B. Woolley #1452
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel. 401-274-4400
Fax 401-222-2995
Email: rwoolley@riag.ri.gov

Date: August 18, 2006