**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

Thomas Carter, Joy Carter, Joy Carter
As parent and next friend of Caleb
O'Leary, and Thomas Carter and Joy
Carter as parents and next friends of
Cassidy Carter,
Plaintiffs

v. C.A. NO. 04 CV-013 ML

Jay Lindgren, in his capacity as Director,
State of Rhode Island Department of
Children, Youth & Families, State of Rhode
Island, and Candace Salvo, Edward O'Donnell,
Martha Branstrom Skelding, Cheryl Csisar,
And Maureen Eagen, in their capacities as
Officers, agents or employees of the State of
Rhode Island Department of Children Youth
& Families,
Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RESPONSE TO DEFENDANTS' REVISED AND RESUBMITTED STATEMENT OF UNDISPUTED FACTS**

Now come Defendants and hereby respond to Plaintiffs' response to Defendants' Revised and Resubmitted Statement of Undisputed Facts as follows:

A. Disputed Facts

Paragraphs 1, 2 and 3 of Plaintiffs' response should be stricken because they fail to comply with FRCP 56(e) and DRILRCv 56(a)(4). These paragraphs merely assert conclusory statements of legal issues in this action and do not contain any specific, attested to facts.

Section B, paragraphs 1(a); 2(a) through and including (h); 3(a) through and including (d); 9(a) and (b); 12; 13(a) and (b); 18; 21 and 22 are assertions made by Thomas Carter that are not based upon his personal knowledge, contain hearsay statements, purport to examine the thoughts as well as actions of certain DCYF staff and contain impermissible speculation and conclusory language. Plaintiffs' attempt to substantiate these assertions by swearing under oath that they "are true to the best of my knowledge, information and belief" is neither appropriate nor admissible as evidence. These responses fail to comply with the requirements of DRILRCv 56(a)(14) and they should be striken and/or disregarded.

Defendants respond to specific paragraphs of Section B as follows:

1a. Although Plaintiffs take issue with the documentation supporting the physician's hold, they do not dispute that in fact the physician's hold was issued.

2a. Plaintiffs' claim that the allegation of a "smashed vehicle" is false, sworn to under oath by Thomas Carter in his "Verification of Response" is refuted by the Incident Report of the Charlestown Police Department dated 9/16/99 (certified copy hereto attached as Exhibit A).

c. Plaintiffs' claim that "Thomas Carter has never been convicted of sexual assault sworn to under oath by Thomas Carter in his "Verification of Response", in spite of the provisions of RI Gen. Laws 12-18-3, is refuted by the court record in <u>State of Rhode Island v. Thomas G. Carter, Jr.</u>, Washington County Superior Court, W1/87-0208A (certified copy hereto attached as Exhibit B) because until the expiration of his probation he was in fact convicted.

As to Plaintiffs' Statement of Undisputed Facts paragraphs 1, 2 and 3, these again are conclusory statements of some of the issues in this case. They are not statements of fact and should be stricken or disregarded.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

Thomas More Dickinson

tmd@appealRI.com

*/s/ Richard B. Woolley*
Richard B. Woolley #1452
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

Tel. 401-274-4400
Fax 401-222-2995
Email: rwoolley@riag.ri.gov

Date: August 18, 2006

er-6.1

# CHARLESTOWN POLICE DEPARTMENT
## Incident Report

4540 South County Trail,
Charlestown,RI 02813
Voice# (401) 364-1212
Fax # (401) 364-1232

**Case#** 199909160001

**Date of Incident:** 9/16/99

**Dispatch Time:** 0455 Hrs

| | | | |
|---|---|---|---|
| *Incident Type* | FALSE 911 CALLS/Hang-Ups/Open Lines | *Reporting Officer* | P9302 |
| *Location* | 66 DRIFTWOOD DR CHARLESTOWN RI | *Case Status:* | Pending |

### Name(s) Involved in Incident

| *Name* | *DOB* | *Involvement* | *Phone Number(s)* | *Address* |
|---|---|---|---|---|
| RYAN, KEVIN PTLM. | | Police Officer | WK 401 364- 1212 | 4540 S COUNTY TRL CHARLESTOWN RI 02813 |
| KIDD, KEVIN PTLM. | | Police Officer | WK 401 364- 1212 | 4540 S COUNTY TRL CHARLESTOWN RI 02813 |
| CARTER, THOMAS G. | [redacted] | Arrestee | HM 401 364- 5939 | 66 DRIFTWOOD DR CHARLESTOWN RI 02813 |
| OLEARY, JOY A. | [redacted] | Arrestee | HM 401 364- 5939 | 66 DRIFTWOOD DR CHARLESTOWN RI 02813 |
| [redacted] | [redacted] | Other | HM 401 539- 8179 | [redacted] |
| SOUTH SHORE, MENTAL HEALTH. | | Other | WK 401 364- 7705 | 4705A OLD POST RD CHARLESTOWN RI 02813 |
| [redacted] | [redacted] | Witness | HM 401 364- 5939 | 66 DRIFTWOOD DR CHARLESTOWN RI 02813 |

NDCO 6 mos 99-2857

### Notes

OPER 55 OF 911 CALLS TO REPORT A STATICKY 911 HANG-UP FROM 66 DRIFTWOOD DRIVE, THE LOCATION OF PREVIOUS DOMESTIC PROBLEMS LAST NIGHT 9/15/99 AT 2050hrs. 618/624 RESPOND.
MDG34

### Narrative

On 9-16-99 at approx. 0453 hours I, Ptlm. Ryan and Officer Kidd, responded to 66 Driftwood for a 911 hang-up. Upon arrival I saw Mr. Carter at the top of the stairs on the outside deck. He told me to leave the premises because it was private property. I told him to back away from the top of the stairs and he complied. I then proceeded to the deck. Mr. Carter's girlfriend Ms. Oleary was on the deck at this time. Officer Kidd spoke with Ms. Oleary while I spoke to Mr. Carter. Earlier this evening CPD responded on a 911 called in from that address by Mr. Carter. He stated that he was speaking with his x-girlfriend and his new girlfriend Joy became angry. Verbal arguements began and both women took off in vehicles. Upon arrival at that time it was found that Mr. Carter also left the premises. On this response Mr. Carter claimed that Ms. Oleary destroyed his Saab. I checked the vehicle RI Reg.#CQ-399 that comes back to a VW and found

True Copy [signature] Knudsen

| | | | |
|---|---|---|---|
| *Incident Type* | **FALSE 911 CALLS/Hang-Ups/Open Lines** | *Reporting Officer* | **P9302** |
| *Location* | **66 DRIFTWOOD DR CHARLESTOWN RI** | *Case Status:* | **Pending** |

it to be in shambles and broken up on the inside. I also found that it had been driven into another vehicle to which it was still up against causing damage to the left front fender. Ms. Oleary admitted to attempting to drive off with that vehicle around 12am this evening. This 911 was called in by Ms. Oleary. Apparently Mr. Carter stated he was going to kill himself with a knife. Mr. Carter stated that Ms. Oleary attempted to swallow a large amount of pills and he took them from her mouth.

A 1 yoa child beloning to Ms. Oleary was on scene. Both subjects were taken into custody. The child was brought to the station in a car seat with Ms. Oleary. Ms. Oleary's Step father arrived at the station Shortly after to take custody of the child with the agreement of Ms. Oleary.

So. Shore was contacted for Psych e-vals. Kristyn Hill of So. Shore explained that the e-val would have to take place after the arraignment. DCYF will be contacted based on the fact a child was present. DVSA forms were completed for both subjects. A picture will be taken of the Damaged Saab.

Prints and photos were taken and both subjects will be held for court in the morning. Will in the cell Mr. Carter continued to call the police fucking assholes that there was no right to arrest him. Mr. Carter refused to fill out the domestic DVSA form. A Picture will be taken of him when he cools down.

I contacted DCYF at 0725 Hrs. and file a report with Louis Thomas.KR#18.

**Case #** **199909160001**

True Copy

Laura Knudsen

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# JUDGMENT AND DISPOSITION

Superior Court in Washington County

State of Rhode Island
vs.
Thomas G. Carter, Jr.

IND. ~~INF.~~ ~~COMPLAINT~~ NO. W187-0208A

On this 22nd day of ebruary, 19 88, came the attorney for the State Igliozzi, and the defendant who appeared in person and by counsel, namely Russell M. Sollitto before Caldarone, J.

IT IS ADJUDGED that the defendant has been adjudged guilty upon his/~~her~~ plea of (nolo contendere) ~~(guilty) (not guilty, and after a verdict of guilty)~~ of the offense~~(s)~~ of

Count 1--Assault with intention commit specific felony

as charged in count~~(s)~~ numbered one of the (indictment) ~~(information) (complaint)~~; and the Court having asked the defendant whether ~~s~~/he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court;

IT IS ADJUDGED that the defendant is guilty as charged and convicted.

IT IS ADJUDGED that the defendant is to be placed on probation for two years. Defendant ordered to pay all court costs.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

~~(IF CONVICTED AFTER TRIAL) The defendant has been advised of his/her right to appeal within twenty days to the Supreme Court, and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the Public Defender or to appeal in forma pauperis.~~

TRUE COPY ATTEST

Clerk | Justice, Superior Court | 2/22/88 Date

2/23/88

S-209 (6/83)

IN THE SUPERIOR COURT FOR THE
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
WASHINGTON COUNTY

STATE OF RHODE ISLAND

V.

IND. NO. W1/87- 0208A

THOMAS G. CARTER, JR.
alias John Doe

The Grand Jury of the State of Rhode Island and Providence Plantations charges that on or about the 18th day of May, 1986, at South Kingstown, in the County of Washington, THOMAS G. CARTER, JR., alias John Doe, of Washington County, did assault [redacted] with intent to commit sexual assault upon her, in violation of §11-5-1 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1981).

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

[signature]
ASSISTANT ATTORNEY GENERAL

CERTIFICATE OF JUDGE

STATE OF RHODE ISLAND IND/INF/C.A. NO. W1/87-208A

v.

Tom Carter

This certifies that the defendant in the above-entitled case(s) has come before me in the presence of his/her attorney, and presented the attached request and affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and he/she established by his/her responses to my questions that he/she has been fully informed of the content of the affidavit, all of the rights enumerated therein, the nature and the consequences of his/her plea as set forth therein, the range of punishment which might be imposed upon him/her, as well as any assurances as to sentence made to him/her by his attorney, the prosecuting attorney or the court, as specifically set forth in said affidavit. The Court finds that the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers and the content of the affidavit, that there is a factual basis for his/her plea. I find that this plea is made voluntarily, intelligently and with knowledge and understanding of all matters set forth in the attached request and affidavit.

DATE: 2/22/88

[signature]
Justice, Superior Court

True Copy Attest
[signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

REQUEST TO ENTER A PLEA OF NOLO CONTENDERE OR GUILTY

STATE OF RHODE ISLAND

IND/INF/C.A.# W1/87-208.

V.

Tom Carter

CHARGE(S) assault w/intent to comitt sexual assault

PENALTY 20 yrs max.

I, Tom Carter, the above-named defendant, do hereby request Court permission to withdraw my present plea of NOT GUILTY and to enter a plea of NOLO CONTENDERE or GUILTY. I understand that the plea of NOLO CONTENDERE is for all purposes the same as a plea of GUILTY and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the cases to which these pleas relate. I understand that by changing my plea I will be giving up and waiving each and all of my following rights:

1) My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilty.

2) My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.

3) My right to the presumption of innocence.

4) My privilege against self-incrimination.

5) My right to confront and cross-examine the State's witnesses against me.

6) My right to present evidence and witnesses on my behalf and to testify in my own defense if I choose to do so.

7) My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of NOLO CONTENDERE or GUILTY.

No promises have been made to me by my Attorney, the State's Attorney or the Court other than the fact that the Court has agreed to impose a sentence of

2 yrs probation

in addition to whatever money costs are imposed by law.

I understand that if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of NOLO CONTENDERE or GUILTY except by permission of the Court.

I have discussed the entire contents of this paper with my Attorney who has explained it to me. I have no questions as to what it states and means and I understand it completely. I SWEAR TO THE TRUTH OF THE ABOVE.

WITNESS: [signature]
(Attorney for the Defendant)

X DEFENDANT [signature: Thomas G. Carter]

DATE: 2/22/88

WAIVER OF PRE-SENTENCE REPORT

I further waive and give up my right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

WITNESS: [signature]
(Attorney for the Defendant)

X DEFENDANT [signature: Thomas G. Carter]

(CERTIFICATE OF JUDGE ON REVERSE SIDE)

S-107