**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

Thomas Carter, Joy Carter, Joy Carter
As parent and next friend of Caleb
O'Leary, and Thomas Carter and Joy
Carter as parents and next friends of
Cassidy Carter,
Plaintiffs

v. C.A. NO. 04 CV-013 ML

Jay Lindgren, in his capacity as Director,
State of Rhode Island Department of
Children, Youth & Families, State of Rhode
Island, and Candace Salvo, Edward O'Donnell,
Martha Branstrom Skelding, Cheryl Csisar,
And Maureen Eagen, in their capacities as
Officers, agents or employees of the State of
Rhode Island Department of Children Youth
& Families,
Defendants

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

IX. Defendants In Their Individual Capacities Are Entitled to Qualified Immunity from Plaintiff's State Law Claims.

As requested by the Court, Counsel had made extensive inquiry regarding whether or not there are any pending cases in Rhode Island Superior Court where the defense of qualified immunity has been asserted in response to State law constitutional claims. Counsel spoke with the Chief and Deputy Chief of the Civil Division, several of the staff Assistant and Special Assistant Attorneys General and had the Staff Legal

Research Librarian research the issue. The response I received was that there are no such cases pending that anyone in this office is aware of.

Nonetheless, this issue has been dealt with and resolved by this Court in Jennings v. Pare, Slip Op., 2005 WL 2043945 (D.R.I.) as follows:

> "The First Circuit has described *Pontbriand* and *Ensey* as "reflect[ing] Rhode Island's recognition of a qualified immunity defense under state law analogous to the federal doctrine established by the United States Supreme Court in *Harlow v. Fitzgerald*." *Hatch*, 311 F.3d at 90. Accordingly, the First Circuit has concluded that applicability of the federal doctrine of qualified immunity to state law claims "is well grounded in the law of Rhode Island." *Id.*
>
> Thus, it seems "sufficiently clear" that Rhode Island would join the ranks of other states that have applied the federal doctrine of qualified immunity to state laws claims. *See, e.g., Stearns v. Vermont*, 175 Vt. 428, 833 A.2d 835, 840 (2003) (applying *Harlow* qualified immunity standard to state law claims in affirming summary judgment in favor of probation officer with respect to allegedly unlawful search); *Jenness v. Nickerson*, 637 A.2d 1152, 1159 (Me. 1994) (applying *Harlow* qualified immunity standard in affirming summary judgment in favor of police officers with respect to illegal search claim under state civil rights act); *Duarte v. Healy*, 405 Mass. 43, 537 N.E.2d 1230, 1232 (Mass. 1989) (adopting federal qualified immunity standard with respect to claims under state civil rights act); *EIC Dev., LLC v. Mystic Valley Dev. Comm'n*, 2003 WL 1702531 (Mass. Super. Ct 2004) (applying *Harlow* qualified immunity standard in determining state law claim of intentional interference with contractual or business relations). In *Foster v. McGrail*, 844 F.Supp. 16, 29 (D.Mass. 1994), the court concluded that Massachusetts would extend the federal qualified immunity standard specifically to a state law battery claim against a correctional officer because: "Concerns about the impact of rules of liability on the performance of the duties of public officials do not vary because liability is claimed on a theory of battery rather than on a theory of violation of civil rights."

> *13 Even states not yet adopting the federal doctrine of qualified immunity have long afforded some other form of common law or statutory immunity to police officers and/or other public officials. The precise contours of the immunity vary from state to state, but, generally, the principal difference between that immunity and federal qualified immunity is that those states utilize a subjective good faith requirement instead of or in addition to ***Harlow's*** requirement of objective reasonableness. ***See e.g. Bailey v. Kennedy***, 349 F.3d 731, 742 (4th Cir. 2003) (no immunity under North Carolina law for acts committed with "malice or corruption" (citing Grad v. Kaasa, 312 N.C. 310, 321 S.E.2d 888, 890 (N.C. 1984)); ***Russoli v. Salisbury Twp.***, 126 F.Supp. 2d 821, 8658 (E.D. Pa. 2000) (under Pennsylvania law, a police officer is not immune from an assault and battery claim if he "*knew* that force used was not reasonable under the circumstances" (emphasis added)); ***Samaniego v. City of Kodiak***, 2 P.3d 78, 84 (Alaska 2000) (holding officers immune from state law excessive force/assault claims if force was used in subjective good faith and was "objectively reasonable" under ***Harlow*** qualified immunity standard); ***Shoemaker v. Smith***, 353 Md. 143, 725 A.2d 549, 560 (Md. 1999) (actual malice or gross negligence defeats qualified immunity under Maryland law); ***Mulligan v. Rioux***, 229 Conn. 716, 643 A.2d 1226, 1233-1234 (Conn. 1994) (no immunity under Connecticut law for acts "involv[ing] malice, wantonness or intent to injure"); ***Rico v. State***, 472 N.W.2nd 100, 107 (Minn. 1991) (no official immunity under Minnesota law for "willful or malicious wrong[s]").
>
> In this case, even if Rhode Island engrafted a "good faith" requirement on the federal doctrine of qualified immunity, Jones would be shielded from liability because there is no evidence that would support a finding that Jones acted in bad faith. (Jennings at pages 10 and 11)

## CONCLUSION

Defendants are each entitled to the defense of qualified immunity and good faith immunity to Plaintiffs' State Law claims in this action and those claims should be denied and dismissed with prejudice by this Court.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

## CERTIFICATION

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

Thomas More Dickinson

tmd@appealRI.com

*/s/ Richard B. Woolley*
Richard B. Woolley #1452
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel. 401-274-4400
Fax 401-222-2995
Email: rwoolley@riag.ri.gov

Date: September 25, 2006